# HILL WALLACK

### ATTORNEYS AT LAW
202 Carnegie Center
CN 5226
Princeton, New Jersey 08543-5226
Telephone: (609) 924-0808
Fax: (609) 452-1888
www.hillwallack.com

WRITER'S DIRECT DIAL: (609) 734-6358

FILE NO.:

October 19, 2005

Honorable James Orenstein, U.S.M.J.
United States District Court, Eastern District of New York
United States Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722-4438

Re: **Salesmaster Associates, Inc., et al. v. James Goodling, et al.**
     **Civil Action Number 05-3764 (DRH)(JO)**

Dear Judge Orenstein:

On behalf of defendants James Goodling and David Goodling, we hereby request a brief stay of discovery to permit the Court to rule on the Defendants' motion to disqualify the law firm of Weinberg, Gross & Pergament, LLP ("the Weinberg firm") as counsel to plaintiffs Salesmaster Associates, Inc. and Salesmaster Management, Inc. The United States District Court for the District of New Jersey recently resolved the same issue in favor of the Goodlings and against the Weinberg firm; however, our efforts to prevail upon the Weinberg firm to withdraw from this suit without motion practice have recently failed. As such, the present request for a stay is now ripe.

As the Court may recall from the initial conference, the Weinberg firm previously represented defendant James Goodling in a matter called Gemtec. The instant litigation - brought by the Weinberg firm against it former client Mr. Goodling - arises out of the very Gemtec litigation in which the Weinberg firm previously represented Mr. Goodling. Now, however, the Weinberg firm is using the facts of the Gemtec case against Mr. Goodling.

This blatant conflict of interest has already been decided against the Weinberg firm in a related litigation between the same parties pending in the United States District Court for the District of New Jersey. There, the Honorable Madeline Cox Arleo, U.S.M.J, recently refused to permit the Weinberg firm to serve as counsel to the entities who are the plaintiffs in this case because of the conflict of interest presented by the Weinberg firm's role as counsel to Mr. Goodling in the Gemtec litigation. Before Judge Arleo, the Weinberg firm conceded that Mr. Goodling is a former client and that his interests are now adverse to those of the Weinberg firm's current clients, the plaintiffs in this suit. Judge Arleo concluded that the previous representation

{01330524}

October 19, 2005
Page 2

was "substantially related" to the current litigation, and specifically referred to the Complaint filed by the Weinberg firm in this matter, counts Three and Four of which explicitly stem from what the complaint labels "the <u>Gemtec</u> Fraud." The Weinberg firm's current representation of the plaintiffs, under such awkward circumstances, was found to be a clear conflict of interest by Judge Arleo, and we will ask the Court to reach the same result pursuant to DR 5-108.

To permit this Court to rule on the issue of the Weinberg firm's conflict of interest, and to prevent the prejudice that would accrue to the Goodlings if they were forced to respond to discovery promulgated by the Weinberg firm and be deposed by their former counsel at the Weinberg firm, we respectfully request that discovery be stayed. Otherwise, Mr. Goodling will be faced with the prospect of being questioned by his former counsel about the facts of the case in which he was formerly represented by that counsel – all to benefit the Weinberg firm's current clients at Mr. Goodling's expense. It is difficult to think of a scenario more damaging to the public's perception of attorneys.

This Court is vested with the discretionary authority to stay discovery on a showing of good cause. <u>United States v. County of Nassau</u>, 188 F.R.D. 187 (E.D.N.Y. 1999). A stay of discovery is particularly appropriate to permit the Court to resolve a motion to disqualify counsel because it saves the parties from the "tremendous expense" of engaging in discovery when it may "ultimately have to be duplicated by new counsel." <u>Allegaert v. Perot</u>, 434 F. Supp. 790, 801-802 (S.D.N.Y.), <u>aff'd</u>, 565 F.2d 246 (2d Cir. 1977).

That scenario is what is facing the Court here, warranting a stay. It would be highly prejudicial if defendants were forced to engage in discovery at this time. Based on their prior representation of James Goodling, the Weinberg firm possesses confidential information that they can use during the discovery process to the benefit of plaintiffs and the detriment of James Goodling. This is especially so because the material facts underlying the prior litigation have now been raised by the Weinberg firm against Mr. Goodling and co-defendant David Goodling. Such a perversion of justice cannot be allowed. We respectfully request that the Court order a stay of discovery immediately, as plaintiffs have noticed the deposition of James Goodling and David Goodling for October 25, 2005 and October 26, 2005 respectively, and served requests for the production of documents and interrogatories.

Pursuant to the Rules of this Court, we attempted to resolve these disputes with the Weinberg firm, both orally and in writing, after the District of New Jersey entered the orders denying the Weinberg firm's attempt to appear before it. Our attempts to resolve the dispute were unsuccessful.

Respectfully submitted,

ERIC I. ABRAHAM

Cc:    Marc J. Weingard, Esq.
       Michael Tryon, Esq.